Filed 6/10/15  P. v. Martinez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051288 |
| v. | (Super. Ct. No. 12CF2699) |
| LAURO MARTINEZ | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*          *          *

Appellant Lauro Martinez pled guilty in 2013 to two felonies: second degree vehicle burglary and receiving stolen property. He also pled guilty to possession of burglary tools, a misdemeanor. Late last year, he filed an application to have his felony convictions reduced to misdemeanors pursuant to Penal Code section 1170.18 subdivision (f), a motion for what is generally referred to as Proposition 47 relief. The trial court granted the motion as to the receiving stolen property charge, but denied it as to the vehicle burglary. Martinez appealed.

We appointed counsel to represent him on that appeal. Counsel filed a brief which set forth the procedural facts of the case (the facts of the crimes themselves are largely irrelevant because the argument is solely directed at Martinez's plea and the application to it of Pen. Code, § 1170.18). Counsel did not argue against her client, but advised us there were no issues to argue on his behalf. Martinez was invited to express his own objections to the proceedings against him, but did not. Under the law, this put the onus on us to review the record and see if *we* could find any issues that might result in some kind of amelioration of Martinez's lot. (*People v. Wende* (1979) 25 Cal.3d 436.) It should be emphasized that our search was not for issues upon which Martinez *would* prevail, but only issues upon which he *might possibly* prevail.

We have examined the record and found no arguable issue. Martinez's counsel below made a valiant effort to convince the court the statute applied because Martinez's crime was one of a theft involving less than $950, the ceiling provided by the new definition of petty theft. But the trial court correctly found that the crime was one of entering a vehicle – a burglary – not one of theft. It reduced the receiving stolen property charge, but not the vehicle burglary.

That ruling appears to us – as it did to appellate counsel – unassailable. Proposition 47 simply does not provide for reduction of burglary charges. The property

2

taken here has no bearing whatsoever on the charge. The crime would still be a burglary whether property valued at more than $950, less than $950, or no property at all were taken. Appellant was not convicted in this count of taking anything; he was convicted of entering the car illegally. Penal Code section 1178 does not, by its terms, address burglary, and we can find nothing in its language to indicate it was ever intended to apply to that crime.

Nor are we impressed by the argument that stealing a car valued at less than $950 would be a misdemeanor, so burglarizing a car and taking from it property valued at less than $950 should also be a misdemeanor, and a contrary holding would violate the constitution's guarantees of equal protection of the laws. In the first place, California law has long recognized that stealing and burglary are two very different things and that burglary is more serious. Punishing more severely someone who breaks into a car than someone who steals it is not different in any legally cognizable way than prescribing a more serious punishment for someone who breaks into a house than for someone who merely steals from it while there.

More directly applicable to this case is the fact the punishments for the two crimes are the same. A second degree burglary – appellant's crime – is punishable by a year in county jail or imprisonment for the term prescribed in Penal Code section 1170, subdivision (h). (Pen. Code, § 461, subd. (b).) Auto theft is punishable by a year in county jail or imprisonment for the term prescribed in Penal Code section 1170, subdivision (h). (Veh. Code, § 10851.)

The trial court was correct in denying appellant's motion to reduce his burglary conviction to a misdemeanor, and appellate counsel was correct in concluding there was no arguable issue on appeal.

The order is affirmed.


                                        BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.